**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

United States of America,                                             Criminal No. 08-232  MJD/AJB

                Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

(8)     Jerry Martese Dubose,

                Defendant.

                Andrew Winter, Esq., Assistant United States Attorney, for the plaintiff, United
                     States of America; and
                Nancy R. Vanderheider, Esq., for defendant Jerry Martese Dubose.

        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on December 11, 2008, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.  The Court issued an Order on Motions dated December 12, 2008, reserving defendant's motion for severance for submission to the District Court on report and recommendation.

        Based upon the file and documents contained therein, the Magistrate Judge makes the following:

**FINDINGS AND CONCLUSIONS**

**Severance of Defendants**

        Severance of defendants for separate trials is not required in this case.  Defendant Jerry Martese Dubose  has not shown that severance of defendants for purposes of trial is necessary to avoid risk of compromising any specific trial right to which each of the defendants is entitled or is necessary to prevent the jury from making a reliable judgment as to the guilt or innocence of each of them with respect to individual counts.  The indictment alleges conspiracy

to distribute cocaine and crack cocaine by defendants in this matter.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993). Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991), cert. denied 502 U.S. 813 (1991). The co-defendants in this matter have been indicted for conspiring with one another to distribute cocaine. Under these circumstances, the general rule in the Federal system is that the co-conspirators should be tried together. The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

A defendant moving for severance typically asserts prejudice resulting from joinder with other defendants because the jury will be unable to compartmentalize evidence with respect to each defendant, evidence may be introduced by co-defendants which would otherwise be inadmissible against other defendants, defendant will be unable to present exculpatory evidence through co-defendants, and he may be denied the right to confrontation with respect to statement by co-defendants. Defendant Jerry Martese Dubose has not offered particularized argument on the motion to sever defendants.

The trial court's duty on a motion for severance is to weigh prejudice resulting from a single trial against the expense and inconvenience of separate trials. United States v. Parra, 2 F.3d 1058, 1062 (8th Cir. 1993). In this regard the defendant has not shown that a specific trial right of any individual co-defendant would be compromised by joint trial and appears to rely upon general assertions as the basis for the motion. Defendant simply has not shown that any of the specific rights that establish the foundation for a fair trial would be prejudiced by joinder of defendants and has not shown any inherent prejudice in the joinder.

The indictment sufficiently delineates the charges and identifies those defendants charged with the offense. Based upon the indictment and exhibits produced at hearing the Court finds no justification for severance and concludes that the roles of the defendants are sufficiently distinct and identifiable that a jury, with the aid of instructions, will be fully able to distinguish the various defendants and will be able to properly compartmentalize the evidence relating to each defendant. U.S. v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1987). The motion for separate trial should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Jerry Martese Dubose's Motion for Severance of Defendants be **denied** [ Docket No. 187].

Dated:     December 12, 2008

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 30, 2008.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.