UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

  Plaintiff/Respondent,

             ORDER
v.               Crim. No. 08-232(08)

Jerry Martese Dubose
a/k/a Ray,

  Defendant/Petitioner.
_____

  Petitioner, on his own behalf.

  Andrew Dunne, Assistant United States Attorney, Counsel for Respondent.
_____

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## I. Factual/Procedural Background

Petitioner was charged by Indictment on July 22, 2008 with conspiracy to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Prior to trial, certain of Petitioner's co-defendants filed a motion to suppress evidence, which

challenged the constitutionality and statutory compliance of the wiretapping. The hearing on this motion was held on December 3, 2008, and the Magistrate Judge thereafter issued a Report and Recommendation, recommending that the motions to suppress be denied. This Court did not issue an order adopting the Report and Recommendation, however, as the co-defendants that brought the motions entered into plea agreements with the government.

On April 30, 2009, Petitioner was appointed new counsel. Thereafter, Petitioner filed a motion to suppress statements contained in wiretaps. By this motion, Petitioner did not seek a new suppression hearing, he only sought a ruling from this Court as to whether the statements contained in the wiretaps would be admissible at trial. (Doc. No. 368 at 3.) This Court conducted a *de novo* review of the record, including the wiretap affidavit, application and order, and found no merit to Petitioner's motion to suppress. (Order dated July 21, 2009 (Doc. No. 377).)

The matter proceeded to trial, and on July 27, 2009, a jury found Petitioner guilty of Count I of the Indictment. (Verdict Form (Doc. No. 386).) The jury also found that the offense of conviction involved 500 grams or more of cocaine, and 50 grams or more of crack cocaine. (Id.)

Petitioner was sentenced on November 18, 2009 to a term of imprisonment of 120 months - which was the statutory mandatory minimum sentence for the count of conviction. A sentence of 120 months represented a 15 month downward departure from the applicable sentencing guideline range. Petitioner thereafter filed a notice of appeal challenging his conviction and this Court's denial of his motion to suppress statements contained in the wiretap. The Eighth Circuit rejected Petitioner's arguments and affirmed his conviction. United States v. Gaines et al., 639 F.3d 423, 432-33 (8th Cir. 2011) reh'g denied (Jun. 8. 2011) and reh'g and reh'g en banc denied (Oct. 26, 2011).

On February 14, 2012, Petitioner filed a motion before this Court for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendments 750 and 759 to the sentencing guidelines, which lowered the base offense levels applicable to certain crack cocaine offenses. (Doc. No. 571.) The Court found that Petitioner was not eligible for a sentence reduction under the amended crack cocaine guidelines as he had been sentenced to the statutory mandatory minimum sentence for the offense of conviction. (Order dated March 26, 2012 (Doc. No. 579).) The Court further found that the reduced statutory mandatory minimum penalties set forth in the Fair Sentencing Act ("FSA") are not applied

retroactively. (Id.) Petitioner thereafter filed a motion that this Court construed as a request for reconsideration. Upon review of the record, the Court denied Petitioner's motion. (Order dated April 13, 2012 (Doc. No. 584).) Petitioner appealed the denial of his motion for a reduced sentence. The Eighth Circuit denied the appeal without further comment on May 22, 2012. (Doc. No. 595.)

On August 13, 2012, Petitioner filed a new motion for modification of his sentence, again seeking retroactive application of the amendments to the sentencing guidelines and under the FSA. (Doc. No. 609.) While this motion was pending, Petitioner filed the instant habeas petition. (Doc. No. 614.) By Order dated October 31, 2012, this Court denied Petitioner's motion to modify his sentence. (Doc. No. 618.) Petitioner appealed this decision to the Eighth Circuit, which again denied the appeal without comment. (Doc. No. 631.) The Mandate has been filed (Doc. No. 635) and the Court will now address Petitioner's motion pursuant to 28 U.S.C. § 2255.

II. **Standard**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence . . .or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)). One exception to this general rule is where there has been "'an intervening change in the law.'" Davis, 417 U.S. at 342 (quoting Sanders v. United States, 373 U.S. 1, 17 (1963)). The change in law, however, must result in such a "fundamental defect" that it "inherently results in a complete miscarriage of justice." Id. at 346.

### III. Analysis

Petitioner has raised a number of argument in his § 2255 petition, including: 1) ineffective assistance of counsel; 2) insufficiency of the evidence to support his conviction; 3) inadmissibility of statements obtained through wiretaps; 4) sentence was not based on an adequate drug quantity determination; 5) variance between Indictment and evidence at trial; and 6) a sentence reduction

under the FSA.

The only issue raised on appeal was whether Petitioner's statements contained on the wiretap should have been excluded at trial. Failure to raise an issue on direct appeal generally constitutes a procedural default, which prohibits the petitioner from raising the issue for the first time in a § 2255 motion. Id. A procedural default will be excused only if the petitioner can demonstrate cause and actual prejudice or that he is actually innocent. Id. at 622. See also Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010); United States v. Bailey, 235 F.3d 1069, 1072 (8th Cir. 2000). Petitioner argues that he should not be procedurally barred from raising these issues, as the fault for not raising the issues on appeal is with his attorney.

### A.  Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel may constitute both cause and prejudice to excuse a procedural default. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted). Such claims must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, Petitioner must prove both that 1) counsel's representation was deficient, and 2) that counsel's deficient performance prejudiced Petitioner's case. Cheek v.

United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing Strickland, 466 U.S. at 687).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be highly deferential and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691. The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of counsel's behavior. Id.

### 1. Challenge to Sufficiency of Evidence

Petitioner argues the evidence at trial was insufficient to support his conviction. The Court finds that the government presented sufficient evidence at trial to establish that Petitioner was a member of the charged conspiracy to

7

distribute cocaine and crack cocaine. Sergeant Jason Case of the Minneapolis Police Department was the case agent in charge of the investigation, and he testified that Petitioner was overheard on intercepted telephone conversations talking about issues relevant to the conspiracy to distribute drugs, and that Petitioner was involved with other members of the conspiracy. In addition, co-defendant Bernard Gaines testified at trial that he would cook cocaine for Petitioner at his house or at Petitioner's house. The trial evidence also included the disks and the corresponding transcripts of the intercepted telephone calls, including telephone calls in which Petitioner was a participant.

The Court thus finds that Petitioner has failed to demonstrate that had counsel challenged the sufficiency of the evidence at the conclusion of his case and on appeal, the outcome of the proceedings would have been different.

### 2. Evidence as to Drug Quantity

Petitioner also asserts that his sentence is unconstitutional as it was not based on an adequate drug quantity determination, as required in <u>United States v. Booker</u>, 543 U.S. 220 (2005). The Special Verdict Form used at trial required the jury to make a finding as to the quantity of cocaine and crack cocaine involved in the charged conspiracy. (Doc. No. 386) The jury found that Count 1 involved

500 grams or more of a mixture and substance containing a detectable amount of cocaine, and that Count 1 involved 50 grams or more of a mixture and substance containing a detectable amount of cocaine base or crack. (Id.) Pursuant to 21 U.S.C. § 841(b)(1)(A)(iii)(2006), a person convicted of distributing 50 grams or more of a mixture or substance containing cocaine base was subject to a mandatory minimum term of imprisonment of ten years. The Petitioner was sentenced to the then applicable ten year term of imprisonment. Accordingly, Petitioner cannot demonstrate that his sentence was imposed in violation of Booker.

Petitioner has again failed to demonstrate that he was provided ineffective assistance of counsel, as Petitioner cannot show that he would have received a different sentence had counsel challenged the drug quantity determination.

### 3. Variance

Petitioner asserts that there is an illegal variance between what was alleged in the Indictment and the evidence presented at trial. "A variance infringes a defendant's substantial rights when: (1) the defendant could not reasonably have anticipated from the indictment the evidence to be presented against him; (2) the indictment is so vague that there is a possibility of subsequent prosecution for the

same offense; or (3) the defendant was prejudiced by a 'spillover' of evidence from one conspiracy to another." United States v. McGilberry, 620 F.3d 880, 885 (8th Cir. 2010) (quoting United States v. Barth, 424 F.3d 752 (8th Cir. 2005)).

Petitioner has not demonstrated that the evidence presented at trial is materially different from the allegations in the Indictment. Petitioner suggests that the evidence established more than one conspiracy and had the government charged two conspiracies, the jury could have found the Petitioner was a member of a conspiracy other than the one charged in Count I. The Court finds, however, that the government presented evidence at trial consistent with the allegations contained in the Indictment - that Petitioner was involved in a conspiracy to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base from 2006 through May 16, 2008.

As Petitioner's argument with respect to variance has no merit, the Court finds that Petitioner is not prejudiced by counsel's failure to raise such argument on appeal.

### 4. Statements Obtained Through Wiretaps

As noted above, Petitioner has previously challenged the admissibility of statements that were obtained through wiretaps, and such challenges were

rejected by this Court and the Eighth Circuit on appeal. Petitioner is thus procedurally barred from raising the argument in this petition, unless he can show there has been an intervening change in the law that results in a fundamental defect that results in a complete miscarriage of justice. Davis, 417 U.S. at 342.

Petitioner does not argue that there has been a change in the law with respect to the admissibility of statements obtained through a wiretap. Instead, he argues in his reply that his counsel inadequately argued this issue before this Court and on appeal. Petitioner does not demonstrate how counsel was inadequate, however. Petitioner does argue that prior to trial, he was not given the opportunity to present his own witnesses or evidence at a separate hearing to challenge the wiretaps. However, he does not demonstrate what additional evidence or testimony would have been introduced that would go to the admissibility of statements obtained through the wiretaps.

This Court conducted a de novo review of the record, including the application for electronic surveillance and the supporting affidavit and found no basis upon which to suppress any statements obtained through the wiretaps. On appeal, the Eighth Circuit held that the Magistrate Judge's factual findings were

not clearly erroneous, and affirmed this Court's finding that "that the affidavit and order were sufficiently particular under the Fourth Amendment." Gaines, 639 F.3d at 433.

Because Petitioner does not indicate what additional witnesses or evidence could have been introduced had he been given a separate hearing, he has failed to demonstrate that he was prejudiced by counsel's performance with respect to the admissibility of statements obtained through electronic surveillance. Accordingly, the Court finds that Petitioner is procedurally barred from raising the issue in this petition.

### B. Sentence Reduction

As noted above, Petitioner previously brought two motions before this Court for a sentence reduction pursuant to 18 U.S.C. § 3582, arguing that the provisions of the FSA required the Court to reduce his sentence. In denying his second motion for a sentence reduction, the Court held that because Petitioner was sentenced prior to the effective date of the FSA, the sentencing provisions in the FSA could not be applied retroactively to Petitioner's sentence, as set forth in Dorsey v. United States, 132 S.Ct. 2321 (2012). (Order dated November 1, 2012 (Doc. No. 618).) This Order was affirmed by the Eighth Circuit on December 10,

2012. (Doc. No. 631)

In the current petition, Petitioner acknowledges that the Supreme Court has held that the FSA will not apply retroactively to defendants who were sentenced prior to the FSA's enactment. Petitioner argues that he should nonetheless receive the benefits of the FSA because his sentence should not be deemed final for purposes of due process and constitutional compliance. Petitioner provides no authority to support this argument. The Court further notes that no court, following Dorsey, has applied the FSA to a defendant who was sentenced prior to the effective date of the FSA. See United States v. Pratt, __ Fed. App'x. __, 2013 WL 864464, at *1 (3d Cir. Mar. 8, 2013) (finding that the FSA does not apply to a petitioner who was originally sentenced prior to the effective date of the FSA); United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013) (finding the FSA does not apply retroactively to a defendant who was originally sentenced prior to effective date of FSA, even though defendant received a sentence reduction pursuant to § 3582 after the effective date of the FSA); United States v. Snow, __ Fed. App'x. __, 2013 WL 440719 (10th Cir. Feb. 6, 2013) (same); United States v. Fenner, Crim. No. 06-211, 2012 WL 2884988 (D. Minn. Jul. 13, 2012) (rejecting defendant's argument that the FSA could be retroactively applied

to reduce his sentence, despite the holding in Dorsey).

### III. Certificate of Appealability

With regard to the procedural rulings herein, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decisions on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. No. 614] is denied. The Court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 3, 2013

                                            s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court